UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

DONNY "DON" JOHNSON,

   Plaintiff,

                                                        CASE NO.:

-VS-

SALLIE MAE, INC.,                        **JURY TRIAL DEMANDED**

   Defendant.
_____/

## COMPLAINT

1.     Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2.     Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

3.     The alleged violations described in the Complaint occurred in Palm Beach County, Florida.

## FACTUAL ALLEGATIONS

4.     Plaintiff is a natural person and citizen of the State of Florida residing in Palm Beach County, Florida

5.     Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

6.     Plaintiff is an "alleged debtor."

7.     Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

8. Defendant, Sallie Mae, Inc. (hereinafter "Sallie Mae"), is a corporation which was formed in Delaware with its principal place of business at 2001 Edmund Halley Dr., Reston, VA 20191 and conducting business in the state of Florida through its registered agent, Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301.

9. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

10. Sallie Mae called the Plaintiff approximately four hundred (400) times since October 2011, in an attempt to collect a debt.

11. Sallie Mae attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

12. Sallie Mae intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

13. On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention

14. Each call Sallie Mae made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

15. Each call Sallie Mae made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

16. On or about the beginning of October 2011, Plaintiff began receiving calls to his cellular telephone, (561) 856-2138, from Sallie Mae.

17. Plaintiff would inform the agents of Sallie Mae that he has no loan or business with Sallie Mae and to stop calling him.

18. Despite Plaintiff informing Sallie Mae he has no business with them; Sallie Mae continued its onslaught of calls which Plaintiff eventually tried to ignore despite informing Sallie Mae numerous times of its error in contacting him.

19. On or about the beginning of November, 2013, Plaintiff spoke with an agent of Sallie Mae wherein said agent informed Plaintiff they were seeking an "Alondre Johnson."

20. Alondre Johnson is Plaintiff's nephew, however Alondre does not reside with Plaintiff and Plaintiff is not in regular communications with Alondre.

21. Plaintiff informed Sallie Mae's agent that he is not Alondre nor is the number they were speaking on the correct number for Alondre Johnson.

22. Despite informing Sallie Mae that he is not Alondre Johnson and that Alondre does not reside with him, Sallie Mae continued calling Plaintiff's cellular telephone.

23. Below is a very small sampling of some of the calls which Plaintiff received from the Defendant:

      i) 3/13/13 from 302-283-4044

      ii) 3/13/13 from 888-272-5543

      iii) 3/14/13 from 302-283-4044

      iv) 3/14/13 from 317-348-9984

      v) 3/15/13 from 317-348-9984

      vi) 3/16/13 from 317-348-9984

      vii) 3/16/13 from 317-348-9984

      viii) 3/16/13 from 317-348-9984

      ix) 6/4/13 from 765-283-3176

      x)     6/28/13 from 302-283-4044

      xi)     6/29/13 from 302-283-4044

      xii)     7/1/13 from 765-283-3253

      xiii)     7/2/13 from 317-348-9985

      xiv)     7/2/13 from 317-348-9985

      xv)     9/30/13 from 302-283-4044

      xvi)     10/3/13 from 888-272-5543

      xvii)     10/7/13 from 888-272-5543

      xviii)     11/1/13 from 317-348-9985

24.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

25.     The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or the Defendant, to remove the incorrect number.

26.     Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendants that they are the wrong party.

27.     Defendant's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

28.     Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

29.     Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

30. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

31. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
## (Violation of the TCPA)

32. Plaintiff incorporates Paragraphs one (1) through thirty-one (31).

33. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
## (Violation of the FCCPA)

34. Plaintiff incorporates Paragraphs one (1) through thirty-one (31).

35. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

36. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

37. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

38. Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

39. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

**William Peerce Howard, Esquire**
Florida Bar #: 0103330
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
bhoward@forthepeople.com
*Attorney for Plaintiff*